UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

EARL GRANT,  :
    Plaintiff,  :
      :
  v.  :    CASE NO. 3:11-cv-489(JBA)
      :
DIXON VEGA, et al.,  :
    Defendants.  :

## **INITIAL REVIEW ORDER**

Plaintiff Earl Grant, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 (2000) in state court. The defendants are Dixon Vega, a Hartford, Connecticut, police officer and the City of Hartford. The plaintiff names defendant Vega in his individual and official capacities. The defendants properly removed the case to this court.

The complaint now must be screened under 28 U.S.C. § 1915A. The court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could conceivably give rise to a viable claim. *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and

interpret them liberally to raise the strongest arguments [they] suggest[]. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570. But '[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

The plaintiff alleges that, on January 31, 2001, defendant Vega arrested him without a warrant on a charge of sexual assault. The plaintiff was under the influence of marijuana and alcohol at the time of his arrest. Defendant Vega took the plaintiff to the police station where the plaintiff provided a written statement and his clothing was taken as evidence. The plaintiff states that he does not remember writing the statement.

During his 2002 trial, defendant Vega testified both that he could not remember the plaintiff and that the plaintiff

repeatedly stated that he was sorry.  The plaintiff denies making the statements.  The plaintiff also alleges that a rape kit that would have proved his innocence was not introduced at trial.

A section 1983 claim against a municipal employee in his official capacity is treated as a claim against the municipality itself.  *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004).  Thus, if the plaintiff has stated a cognizable municipal liability claim, the claim against defendant Vega in his official capacity can proceed.

In *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), the Supreme Court set forth the test for municipal liability.  The municipality may be liable for allegedly unconstitutional acts of a municipal employee if the plaintiff was subjected to the denial of his constitutional rights as a result of an official policy or custom.  *See Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995).  A municipality cannot be held liable under section 1983 solely on a theory of respondeat superior.  *See* 436 U.S. at 694-95.  There must be a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

The plaintiff has not alleged any facts supporting an official policy or custom.  The complaint describes only one arrest and the arresting officer's testimony regarding that arrest.  Although the plaintiff includes allegations regarding failure to present exculpatory evidence, he has not named as a

3

defendant any person who would have withheld that evidence at trial.  Accordingly, all claims against the City of Hartford and defendant Vega in his official capacity are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff alleges that defendant Vega testified falsely at his criminal trial.  A police officer, like any other witness, is protected by absolute immunity regarding his testimony at trial.  *See Briscoe v. LaHue*, 460 U.S. 325, 342-46 (1983).  Thus, the plaintiff cannot pursue a section 1983 action against defendant Vega as a result of prior testimony.  The claims regarding defendant Vega's testimony are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The plaintiff alleges that he was arrested without a warrant and convicted of the charge for which he was arrested.  A conviction establishes as a matter of law that there was probable cause for an arrest.  *See Cameron v. Fogarty*, 806 F.2d 380, 388-89 (2d Cir. 1986).  Any false arrest claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Finally, the plaintiff alleges that his statement was taken while he was under the influence of marijuana and alcohol.  If the plaintiff is asserting a claim that his conviction is invalid because of the statement, his recourse is to challenge his conviction in a petition for writ of habeas corpus, not in a section 1983 action.  The Supreme Court has held that an inmate cannot challenge a conviction or the length of his sentence through a damages action, thereby circumventing the procedural

4

limitations of the federal habeas corpus statute. *See Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

Further, even though the plaintiff seeks only damages, success on his claim would necessarily call into question the validity of his conviction. The Supreme Court has held that, if a decision in the prisoner's favor would call into question the validity of his conviction or the length of his sentence, the prisoner may not bring an action for damages until he has successfully challenged his conviction in state court or a federal court has granted a petition for writ of habeas corpus in his favor. *See Heck*, 512 U.S. at 486-87.

In conclusion, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The Clerk is directed to enter judgment in favor of the defendants and close this case.

**It is so ordered**.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut: October 31, 2011.**